David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 North 85th Way
Scottsdale, AZ 85258
Phone: (818) 600-5564
Fax: (818) 600-5464
E-mail: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Cathy Castic*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| CATHY CASTIC<br>　　　　Plaintiff,<br>v.<br><br>COMENITY BANK<br>　　　　Defendant. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227<br>2. Invasion of Privacy - Intrusion Upon Seclusion<br>3. Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Il. St. 505 |

### **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Cathy Castic ("Plaintiff"), by and through her attorneys, alleges the following against Comenity Bank ("Defendant"):

### **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the common law tort of Intrusion upon Seclusion, as described in §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

3. Count III of Plaintiff's Complaint is based upon Illinois' Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 Il. St. 505. The CFA is designed to protect consumers from unfair methods of competition and other unfair and deceptive business practices. The CFA entitles consumers to recover when there is unfair or deceptive conduct.

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367(a), and 47 U.S.C. §227.

5. Jurisdiction also arises under 28 U.S.C. §1332. Plaintiff is a citizen of Illinois. Defendant is a citizen of Delaware and Ohio. The amount in controversy is greater than $75,000.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business in this District; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Mount Vernon, IL.

9. Defendant is a Delaware corporation with principal place of business located at 3100 Easton Square Place, #3108, Columbus, OH 43219.

10. Defendant can be served upon its registered agent The Corporation Trust Company, located at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

11. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant is attempting to collect a consumer debt from Plaintiff. The balance of that debt is about $1,244.

14. On or about May 20, 2018, in an attempt to collect Plaintiff's debt, Defendant began placing calls to her cellular phone number, ending in 1462.

15. Upon information and belief, Defendant called Plaintiff using the numbers: 614-212-5148, 614-729-5603, 614-729-7570, 614-729-7604, 614-729-9024, 614-729-9052, 614-754-4052, 614-754-4135, 614-754-4136, 720-456-3683, 913-312-0548, 913-312-3382, 913-312-5179, 913-312-5191, 913-312-5192, 913-563-5542, 913-677-8337.

16. Upon information and belief, those numbers are owned or operated by Defendant.

17. Upon information and belief, Defendant uses the various area codes and phone numbers in an effort to withhold its true identity from the call recipient.

18. On or about Sunday May 20, 2018, at approximately 10:58 am Plaintiff received a call from the number 913-312-5191, later identified as belonging to Defendant.

19. After picking up the call, there was an unusually long delay before Defendant's representative began speaking, indicative of the use of an automatic dialing system.

20. Defendant's representative informed Plaintiff that Defendant was attempting to collect a debt.

21. During that call, Plaintiff unequivocally revoked consent to be called. Plaintiff asked the representative to stop calling her.

22. Defendant continued to call Plaintiff despite her request that Defendant stop

calling her.

23. Between the time that Plaintiff revoked consent to be called on May 20, and up to and including May 28 —only nine days— Defendant called Plaintiff approximately **thirteen (13) times**.

24. On or about May 29, 2018, at approximately 9:05 am, Plaintiff called Defendant at the number 913-312-5191 —which Defendant used to call Plaintiff on May 20— and for a second time instructed Defendant to stop calling her.

25. According to Plaintiff's phone bill, the May 29, 2018 call lasted over five minutes.

26. Again, despite having revoked consent for a second time, Defendant persisted harassing Plaintiff with collection calls.

27. Since the time that Plaintiff revoked consent to be called —for a second time— Defendant called Plaintiff an additional **four hundred and thirty-one (431) times**, approximately, in violation of the TCPA.

28. Defendant called Plaintiff almost every day over the next six months.

29. Many times, Defendant called Plaintiff multiple times a day. For example, Defendant called Plaintiff no less than seven times on June 16, no less than six times on August 10, and no less than five times on June 5, 27, July 26, 27, 30, August 13, 14, while calling Plaintiff multiple times a day on most other days.

30. Defendant even called Plaintiff on the weekends.  For example, Defendant called Plaintiff five times on Saturday May 26, seven times on Saturday June 16, five times on Saturday June 23, and even called three times on Sunday July 1 and five times on Sunday August 19, 2018.

31. Defendant called Plaintiff at the unreasonably early hour of 6:21 am on August 14, 2018.

32. In total, Defendant called Plaintiff no less than **FIVE HUNDRED TIMES (500) TIMES in violation of the TCPA in approximately seven months**.

33. Defendant called Plaintiff almost every day at around the same time every

day.

34. Defendant is familiar with the TCPA.

35. Defendant's harassing calls as described in detail above amounted to a highly offensive intrusion upon a reasonable.

36. Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt or increasing the amount Plaintiff was willing to pay.

37. Specifically, Plaintiff reasonably believed that Defendant would never stop calling her because even after Plaintiff revoked consent twice Defendant still continued to call them.

38. On multiple occasions Plaintiff would sob due to the stress and in at least one call with Defendant Plaintiff was clearly crying.

39. Plaintiff tried to make payments on her account(s) but had many issues using the Defendant's website.

40. Defendant's conduct offends public policy because Defendant used the telephones to harass, annoy, coerce and intimidate Plaintiff.

41. Defendant's conduct is immoral, unethical, oppressive and unscrupulous because Plaintiff told Defendant to stop calling her, Plaintiff was attempting to pay as much as she could, and Defendant's representatives could tell that the continuous calls were causing Plaintiff deep distress and anguish, yet Defendant continued to call Plaintiff relentlessly.

42. Defendant's conduct caused substantial injury to Plaintiff because Plaintiff is 59 years old and was being called every day, multiple times a day, including weekends, and received approximately 500 calls in about seven months.

43. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain, and anguish.

44. Each and every one of Defendant's telephone calls caused Plaintiff distraction, temporary loss of use of her telephone line, annoyance and embarrassment.

45. Plaintiff also keeps her cellular phone with her and on at all times to be reachable by family members in case of need or emergency.

46. Defendant's incessant calling occupied Plaintiff's phone line so that Plaintiff could not receive calls.

47. Defendant's calls interrupted Plaintiff's work and daily activities, by causing her to have to stop what she was doing to pick up her phone, check the number that was calling was not of a known work related caller, or of a family member, and silence the ringer, all of which caused a distraction to Plaintiff and alerted the people around her to the fact that Plaintiff was receiving constant phone calls.

48. Defendant's conduct induced stress, anxiety, embarrassment, anguish, and mental and emotional pain.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

49. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

50. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic

telephone dialing system and, as such, Defendant knowingly and/or willfully violated the TCPA.

51. Defendant willfully and knowingly violated the TCPA.

52. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

53. Defendant is also liable to Plaintiff for declaratory judgment that its conduct violated the TCPA.

## COUNT II

### Defendant's Intrusion Upon Plaintiff's Seclusion

54. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

55. Restatement (Second) of Torts §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

56. Defendant intruded upon Plaintiff's seclusion. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in annoying and harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff having unequivocally revoked consent to be called.

    b. The number and frequency of the telephone calls to Plaintiff by Defendant constitute an intrusion on Plaintiff's privacy and solitude.

    c. Defendant's conduct would be highly offensive to a reasonable person as

> Plaintiff received calls that often interrupted Plaintiff's work, temporarily occupied Plaintiff's telephone line, and distracted Plaintiff and people around Plaintiff who were alerted that Plaintiff was constantly receiving phone calls.
>
> d. Defendant's conduct would also be highly offensive to a reasonable person as Defendant continued to call Plaintiff even after Plaintiff revoked consent not one but twice.
>
> e. Defendant's conduct would also be highly offensive to a reasonable person as Defendant bombarded Plaintiff with calls on the weekends.
>
> f. Defendant's conduct would also be highly offensive to a reasonable person as Defendant called Plaintiff at 6:21 am on August 14, 2018.
>
> g. Defendant's acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Plaintiff to pay the alleged debt or increase the amount Plaintiff was willing to pay.

57. As a result of Defendant's intrusion into Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

58. If the Court finds that the conduct is found to be egregious, Plaintiff may also recover punitive damages.

## COUNT III

### Violations of the CPA, 815 Il. St. 505

59. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

60. Defendant violated the CPA. Defendant violated the CPA by engaging in unfair conduct. Defendant's conduct was unfair because it (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and/or (3) causes substantial injury to consumers.

61. As a result of Defendant's violation of the CPA, Defendant is liable to Plaintiff for actual damages.

62. Defendant's conduct was willful and/or intentional and done with evil motive and/or reckless indifference to the rights of others.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cathy Castic respectfully requests judgment be entered against Defendant for the following:

- A. Declaratory judgment that Defendant violated the TCPA;
- B. Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C);
- C. Actual damages for intruding upon Plaintiff's seclusion;
- D. Punitive damages for intruding upon Plaintiff's seclusion;
- E. Declaratory judgment that Defendant violated the CPA;
- F. Actual damages pursuant to 815 Il. St. 505/10a(a);
- G. Punitive damages pursuant to 815 Il. St. 505/10a(a);
- H. Attorneys' fees and legal costs pursuant to 815 Il. St. 505/10a(c);
- I. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
- J. Any other relief that this Court deems appropriate.

Respectfully submitted this 1st day of March 2019.

> By: */s/ David A. Chami*
> David A. Chami, AZ #027585
> PRICE LAW GROUP, APC
> 8245 North 85th Way
> Scottsdale, AZ 85258
> Phone: (818) 600-5564
> Fax: (818) 600-5464
> E-mail: david@pricelawgroup.com
> *Attorneys for Plaintiff,*
> *Cathy Castic*

*Castic v. Comenity Bank* - Complaint